-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GRADY LAMONT JOHNSON,

        Plaintiff,

        -v-

CARA BRIGGS, Assistant District Attorney,
and TOWN OF GREECE POLICE DEPARTMENT,

        Defendants.

_____

05-CV-0438F

MEMORANDUM and ORDER

## INTRODUCTION

Plaintiff, Grady Lamont Johnson, an inmate of the Monroe County Jail, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants, an Assistant District Attorney from the Monroe County District Attorney's Office and the Town of Greece Police Department falsely arrested him on July 10, 2004 and violated his constitutional rights when they coerced him to plead guilty based on records they falsified and an invalid accusatory instrument which was "dismissed" by a grand jury. Plaintiff does not set forth whether he was convicted of any charges related to the arrest on July 10, 2004, and the status of any criminal proceedings pending against him, appellate or otherwise, arising out said arrest. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A unless plaintiff files an amended complaint by **November 18, 2005**, describing the nature of the

charges brought against him, the status of those charges and, if he was convicted on those charges, the status of any appeal from the conviction and whether the conviction has ever been invalidated on direct appeal or otherwise. In addition, as set forth below, plaintiff will need to set forth sufficient facts in the amended complaint adequately stating a claim for false arrest.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

It is difficult to determine from the complaint but plaintiff may be attempting to challenge a criminal conviction. The complaint does not, however, state specifically whether or not he was convicted of the charges he was arrested on and the status of any criminal proceedings that were brought against him arising out of said arrest. This information is critical to the Court's review of the complaint because when a litigant seeks to challenge the fact or duration of his imprisonment, the "sole federal remedy is

a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Moreover, 28 U.S.C. § 2254(b) provides:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

See also *Preiser*, 411 U.S. at 483. A prisoner may not circumvent the exhaustion prerequisites for habeas corpus relief by suing under 42 U.S.C. § 1983 for injunctive or declaratory relief. *Id.* at 489-90, 1836. The fact that a plaintiff seeks damages for the alleged injury does not change the requirement that such a claim must be brought as a habeas action. See *Heck v. Humphrey*, 512 U.S. 477 (1994) (an inmate's claim for damages resulting from due process violations during his criminal trial was not cognizable under § 1983 until the conviction or sentence was invalidated on direct appeal or by a habeas corpus petition).

Because the Court does not know if plaintiff was, in fact, convicted of the charges brought against him, or if the charges are still pending, it cannot assess whether plaintiff's claims herein are properly brought under 42 U.S.C. § 1983 or should have been brought as a habeas corpus petition under 28 U.S.C. § 2254. Accordingly, the plaintiff must file an amended complaint setting forth, at the least, the nature of the charges placed against him arising out of the arrest of July 10, 2004, the status of those charges, whether or not he was convicted of any of the charges placed against him and, if he was convicted on those charges, whether or not he appealed from the

conviction and whether or not the conviction was ever invalidated on appeal or otherwise.

In addition, plaintiff's amended complaint must allege facts which if established would prove a claim of false arrest. A person making a false arrest claim must show that the defendant (1) intentionally confined him (2) without his consent and (3) without justification. *See, e.g., Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir.1995), *cert. denied*, 517 U.S. 1189 (1996). A finding of probable cause, however, is a complete defense to a claim of false arrest under § 1983. *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir.1994). Therefore, plaintiff's amended complaint must include factual allegations that he was arrested without his consent and without probable cause. A failure to allege in the amended complaint these factual elements of a false arrest claim and the additional facts set forth above, may lead to the dismissal of plaintiff's complaint.

## **CONCLUSION**

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **November 18, 2005,** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal

effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014; *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **November 18, 2005**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **November 18, 2005**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **November 18, 2005**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **November 18, 2005**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

DATED:   Buffalo, New York
         October 17, 2005

_____
JOHN T. ELFVIN
UNITED STATES DISTRICT JUDGE